UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLIN BYRNES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN R. THOMPSON,<br><br>　　　　　Respondent. | Case No. 24–cv–07611–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on petitioner Colin Byrnes's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) arguing that the Bureau of Prisons (Bureau) improperly placed a public safety factor in his record and failed to apply his First Step Act time credits. (ECF No. 1 p. 6.) Respondent FCI Fort Dix Warden R. Thompson opposes the Petition on the grounds that petitioner failed to exhaust his administrative remedies and is otherwise not entitled to relief. (ECF No. 6 p. 10.) For the following reasons, I will dismiss the petition as unexhausted.

### I.　FACTS AND PROCEDURAL HISTORY

Petitioner pleaded guilty to transportation of child pornography, 18 U.S.C. § 2252A(a)(1), (b)(1). *United States v. Byrnes*, No. 1:17–cr–00152 (M.D.N.C. Sept. 14, 2017) (ECF No. 17.)[1] Petitioner received a 180-month sentence on April 23, 2018. *Byrnes*, No. 1:17–cr–00152 (ECF No. 36.) His projected release date from custody is February 9, 2030. (ECF No. 6–2 p. 2.)

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

On May 3, 2024, petitioner filed an administrative remedy asking the Bureau to remove a public safety factor from his prison record. (ECF No. 6–1 ¶ 4.) The filing was rejected as untimely on May 9, 2024. (*Id.*) Petitioner filed a second administrative remedy on June 14, 2024 requesting the same relief. (*Id.*) The Bureau accepted the filing but did not respond to it. (*Id.*) Petitioner filed the Petition on July 8, 2024. (ECF No. 1.)

Petitioner requests an order that directs the Bureau to remove the public safety factor from his record because "under the US Sentencing Guidelines his crime is not a sex offense." (*Id.* p. 6.) He argues the public safety factor should be removed so he may earn First Step Act time credits. (*Id.*)

Respondent argues that petitioner did not exhaust the Bureau's administrative remedy program. (ECF No. 6 p. 10.) It argues in the alternative that petitioner is not entitled to relief. (*Id.* p. 14.)

## II. LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

### III. DISCUSSION

Respondent argues that the Petition should be dismissed because petitioner did not exhaust the Bureau's administrative remedy program. (ECF No. 6 p. 10; *see also* ECF No. 6–1 ¶¶ 3, 4.) "Although there is no statutory exhaustion requirement attached to § 2241," the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). "Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review." *Rodriguez v. Sage*, No. 1:22–cv–02053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996)). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62.

The Bureau's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). "[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Next, the inmate submits a formal written administrative remedy request to the facility warden on the BP–9 form. 28 C.F.R. § 542.14(a). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director

signed the response." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

Petitioner did not complete the administrative remedy process. His first administrative remedy was rejected as untimely, and petitioner did not appeal that decision. (ECF No. 6–1 ¶ 4.) The warden did not respond to petitioner's second administrative remedy, and petitioner did not pursue it any further. Bureau administrative remedy regulations explicitly state that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Petitioner's failure to comply with the regulations and escalate his request to the Regional Director constitutes a failure to exhaust. *See Albers v. Thompson*, No. 24–cv–08378, 2025 WL 441713, at *3 (D.N.J. Feb. 7, 2025) (holding petitioner failed to exhaust administrative remedies when he did not continue process after non-response).

Petitioner did not file a reply to respondent's answer, but he argued in the Petition that exhaustion should be excused because he is raising a statutory interpretation question. (ECF No. 1 p. 6.) I disagree. Petitioner's argument that the Bureau incorrectly applied the sex offender public safety factor is a factual question directly within the Bureau's area of expertise. His failure to complete the administrative remedy process deprived the Bureau of a chance to apply that expertise and evaluate the facts of petitioner's case. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996); *Fernandez v. Warden, FCI Ft. Dix*, No. 24–cv–09014, 2024 WL 4542198, at *2 (D.N.J. Oct. 21, 2024) ("[T]he process would still serve the valid purpose of producing a record for review and in any event would have permitted [p]etitioner to dispute any factual issues he may have had.") Petitioner should have presented his dispute to the Bureau for its consideration on an agency level before requesting federal court

intervention. Therefore, I conclude that petitioner failed to exhaust his administrative remedies.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice[.]" *Moscato*, 98 F.3d at 761. In the absence of an argument that there was some external reason for failing to complete the administrative process, I must conclude that petitioner chose not to appeal. Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. *See Hayes v. Ortiz*, No. 20–cv–05268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, [p]etitioner has delayed any relief that was available to him.") "[T]he calamity—if any—which [p]etitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement." *Shoup v. Shultz*, No. 09–cv–00585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009). I find that petitioner has not demonstrated cause for his failure to exhaust and will dismiss the Petition accordingly.

## IV.   CONCLUSION

For the reasons stated above, I will dismiss the Petition as unexhausted. An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: September 4, 2025